IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BELLE MEADE TITLE & ESCROW CORPORATION, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 17-368-III ) |
| FIFTH THIRD BANK, and REGIONS BANK. | ) ) ) ) |
| Defendants. | |

**DEFENDANT REGIONS BANK'S NOTICE OF REMOVAL**

Defendant Regions Bank ("Regions" or "Defendant"), hereby files this Notice of Removal of this action from the Chancery Court of Davidson County, Tennessee to the United States District Court for the Middle District of Tennessee, Nashville Division, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, stating as follows:

**I. Introduction.**

1. Plaintiff Belle Meade Title & Escrow Corporation ("Plaintiff") commenced this action by filing a Complaint on or around April 17, 2017, in the Chancery Court for Davidson County, Tennessee, Docket No. 17-368-III. A true and correct copy of the state court file, including all pleadings, process, and orders received by Regions is attached as **Exhibit A**.

2. In the Complaint, Plaintiff brings claims for negligence, negligent misrepresentation, fraudulent misrepresentation, negligent hiring/training, promissory estoppel, undertaking of special duty, breach of fiduciary duty, breach of customary practices of financial institutions, and violations of Tenn. Code §§ 47-4-202 and 47-4A-202. *See* Ex. A, Complaint ¶¶ 45-114. Plaintiff's "breach of fiduciary duty" claim (Count VII) appears to be based on

Defendant Fifth Third Bank's alleged violation of 12 C.F.R. §229.2. *See id.*, ¶ 91. Plaintiff's "breach of customary practices of financial institutions" claim (Count VIII) against both defendants is based on alleged violations of the federal Patriot Act, Bank Secrecy Act, and Anti-Money Laundering Act. *See id.* ¶ 102. Plaintiff further alleges that defendant Fifth Third's actions were "in violation of [federal] anti-money laundering law, the Patriot Act, Regulation CC, Bank 21 Act, 18 U.S.C. 656 and 1343, and other federal regulations." *Id.* ¶ 103. As a result of these alleged violations, Plaintiff alleges, among other things, that it has suffered consequential and incidental damages in an amount "in excess of $116,000.00," and also seeks to recover interest, attorneys' fees, costs, and disbursements. *Id.* ¶116.

3. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and the defendants, and there is at least $75,000.00 in controversy, exclusive of interest and costs.

4. This Court likewise has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because claims in this case arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

**II. Procedural Requirements.**

5. Plaintiff served Regions with the Summons and Complaint on April 24, 2017. As such, this Notice of Removal is timely filed under 28 U.S.C. § 1446.

6. No prior application has been made for the relief requested herein.

7. The United States District Court for the Middle District of Tennessee, Nashville Division, is the district and division embracing the place where this action is pending in state court. 28 U.S.C. § 1441(a).

8. Regions will file a Notice of Filing Notice of Removal with the Chancery Court of Davidson County, Tennessee in accordance with 28 U.S.C. § 1446(d). Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

9. Defendant Fifth Third consents to the removal of this case. *See* 28 U.S.C. §1446(2)(A).

10. All prerequisites for removal, as set forth in 28 U.S.C. § 1441, have been met.

### III. Diversity Jurisdiction Exists Over This Action.

11. This action is removable because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

12. Specifically, this Court has original jurisdiction over this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . (1) citizens of different States." 28 U.S.C. § 1332(a)(1).

    A.    **Diversity of Citizenship.**

13. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

14. Upon information and belief, Plaintiff is a Tennessee corporation with its principal place of business in Tennessee. *See* Ex. A, Complaint at ¶ 1.

15. Defendant Regions Bank is a state chartered banking institution incorporated under the laws of the State of Alabama with its principal place of business in Birmingham, Alabama. Regions is therefore a citizen solely of the State of Alabama.

16. Defendant Fifth Third Bank is incorporated under the laws of Ohio with its principal place of business in Cincinnati, Ohio.

17. The parties, therefore, are completely diverse as required by 28 U.S.C. § 1332.[1]

**B.    Amount in Controversy.**

18. Although Regions denies that Plaintiff is entitled to any relief, the amount in controversy requirement is satisfied in this case because the value of the relief Plaintiff requests "exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a).

19. Specifically, Plaintiff's Complaint claims that it has suffered consequential and incidental damages in an amount "in excess of $116,000.00," and also seeks to recover interest, attorneys' fees, costs, and disbursements. *Id.* ¶ 116.

20. Therefore, the minimum amount in controversy is above the $75,000 requirement for diversity jurisdiction and, thus, the requirements of 28 U.S.C. § 1332 are satisfied.

### IV. Federal Question Jurisdiction Exists Over This Action.

**A.    Federal Question.**

21. A defendant also can remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action "arises under" federal law "when the plaintiff's statement of his own cause of action shows that it is based upon those laws." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Coventry Health Care, Inc. v. Caremark, Inc.*, 705 F. Supp. 2d 921, 925-27 (M.D. Tenn. 2010). Likewise, a claim also "arises under" federal law when a plaintiff alleges a state law

---

[1] Undersigned counsel has also checked the Tennessee Secretary of State's website to confirm Plaintiff's allegations regarding the citizenship of the parties.

claim that "depends on the construction or application of [federal law]." *See Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312, 315 (2005) (internal quotation omitted); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (explaining that federal jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." (citation omitted)).

22. This is a civil action arising under the laws of the United States because Plaintiff asserts claims against defendants based on alleged violations of the federal "anti-money laundering law, the Patriot Act, Regulation CC, Bank 21 Act, 18 U.S.C. 656 and 1343, and other federal regulations." *See* Ex. A, Complaint, ¶ 103. These claims invoke federal question jurisdiction, as the basis of Plaintiff's claims depend upon the construction and application of these federal laws. Accordingly, Plaintiff's Complaint could have been originally filed in this Court.

### B. Supplemental Jurisdiction.

23. This Court can exercise supplemental jurisdiction over the state law claims Plaintiff makes because these claims form part of the same case or controversy as Count VIII, which is based on alleged violation of federal law. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

24. In the instant case, Plaintiff's state law claims are related to the same activity that forms the basis for the federal claims — namely, that funds in Plaintiff's escrow account were allegedly improperly transferred from Fifth Third Bank to Regions Bank by wire transfer,

causing Plaintiff to lose approximately $116,000. *See, e.g.,* Ex. A, Complaint ¶ 9. Thus, Plaintiff's state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a). *See also* 28 U.S.C. § 1441(c) ("[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein…"). Therefore, this Court should exercise jurisdiction over all claims asserted in Plaintiff's Complaint.[2]

## V. Adoption and Reservation of Defenses

25.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Regions' rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Tennessee law and/or Federal Rule Civil Procedure 12, any state or federal statute, or otherwise.

26.     To the extent remand is sought by Plaintiff or considered by the Court, Regions respectfully requests the opportunity to brief the issues and submit additional arguments and evidence.

---

[2] Since removal is proper based on diversity jurisdiction, it is not necessary for the Court to consider whether supplemental jurisdiction supports removal of the state law claims. However, to demonstrate that federal question jurisdiction also supports removal of the Complaint, Regions includes this discussion of supplemental jurisdiction.

27. Regions reserves the right to supplement this Notice of Removal as may be necessary or appropriate.

WHEREFORE, Regions prays that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Chancery Court for Davidson County, Tennessee to the United States District Court for the Middle District of Tennessee, Nashville Division.

Respectfully submitted this 23rd day of May, 2017.

/s/ Zachary D. Miller
Zachary D. Miller (TN# 032674)
J. Christopher Suedekum (TN #034462)

BURR & FORMAN, LLP
511 Union Street, Suite 2300
Nashville, TN 37219
Telephone: (615) 724-3216
Facsimile: (615) 724-3316
zmiller@burr.com
csuedekum@burr.com

ATTORNEYS FOR REGIONS BANK

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 23rd day of May, 2017:

>Donald J. Serkin, Esq.
>102 Woodmont Blvd.
>Suite 200
>Nashville, TN 37205
>*Counsel for Plaintiff*
>
>Fifth Third Bank
>c/o Corporation Service Company
>2908 Poston Avenue
>Nashville, TN 37203

>/s/ Zachary D. Miller
>OF COUNSEL